IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FOREST GILLIAM,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-06-2127 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| **RONNIE HOLT,** | : | |
| | : | |
| Respondent. | : | |

## M E M O R A N D U M

**I.      Background**

Petitioner, Forest Gilliam, currently an inmate in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") at Minersville, Pennsylvania, commenced this action by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241.  Respondent is FCI-Schuylkill Warden, Ronnie Holt.  Petitioner claims that he is entitled to halfway house placement for the last six months of his term of incarceration, and Respondent has retaliated and discriminated against him by denying such placement.  Respondent filed an answer to the petition, Petitioner filed a traverse, and the matter is ripe for decision.  Respondent claims that the petition should be dismissed since Petitioner has failed to exhaust administrative remedies.  Also pending are Petitioner's Motions to Amend/Correct the Habeas Petition (Docs. 12 and 17), Petitioner's Motion For Preliminary Injunction (Doc. 14), and Petitioner's Motion For Production of Documents (Doc. 22).  For the reasons that follow, the petition will be dismissed for failure to exhaust administrative remedies, and Petitioner's motions will be denied as moot.

**II.        Discussion**

**Exhaustion Requirement**

It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate.  *Muhammad v. Carlson*, 739 F.2d 122, 123 (3d Cir. 1984); *see also Young v. Quinlan*, 960 F.2d 351, 356 (3d Cir. 1992).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  *Moscato*, 98 F.3d at 761-62.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment.  *See* 28 C.F.R. §§ 542.10, *et seq.*  First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."  *Id.*, at § 542.13(a).  If an inmate is unable to informally resolve his complaint, he may file a formal written complaint to the warden, on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred.  *Id.*, at § 542.14(a).  The warden has fifteen (l5) days in which to respond.  *See id.*, at § 542.18.

If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director within twenty (20) calendar days from the date of the warden's response. *Id*., at § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office) within thirty (30) calendar days from the date of the Regional Director's response. *Id.* The Regional Director has thirty (30) days to respond, and the General Counsel has forty (40) days to respond. *See id.*, at § 542.18.

Respondent has filed Exhibits in support of his response to the habeas petition (Doc. 15 Exs. 1 and 2), which incorporate the sworn declaration of Bureau of Prisons attorney John E. Wallace. (*Id.* Ex. 1.) A review of the record confirms that as of December 15, 2006, Petitioner had "not exhausted the administrative remedies that are available to him." (*Id.* at 3.) Specifically, the records reveals that although Petitioner had filed a grievance raising the issues set forth in the instant petition, Petitioner had not completed the process when he commenced this case. Although Petitioner filed this case on October 30, 2006, he filed his grievance to the Warden on November 1, 2006, and he filed his appeal to the Regional Director on November 22, 2006. (*Id.* at 2.) As of the date of Wallace's declaration (December 15, 2006), the Regional Director had not yet responded to Petitioner's appeal. (*Id.* at 2-3.) Consequently, Petitioner has not exhausted any of the claims raised in his petition through the administrative review process. (*Id.* at 3.)

Petitioner concedes that he has not exhausted his administrative remedies, and he fails to cite authority to justify relief from the exhaustion requirement. Liberally construing the petition and traverse of this *pro se* litigant, *Haines v. Kerner*, 404 U.S. 519,

3

520 (1972), Petitioner has failed to demonstrate exhaustion. Accordingly his habeas corpus petition will be denied for failure to exhaust administrative remedies.[1]  An appropriate order follows.

Dated: February 20, 2007.              /s/ A. Richard Caputo
                                       A. RICHARD CAPUTO
                                       United States District Judge

---

[1] In light of the Court's resolution of this case, the Court will not address the merits of Petitioner's claims.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FOREST GILLIAM,** :
:
    **Petitioner,** : **CIVIL NO. 3:CV-06-2127**
:
    v. : **(JUDGE CAPUTO)**
:
**RONNIE HOLT,** :
:
    **Respondent.** :

## O R D E R

**AND NOW, THIS 20th DAY OF FEBRUARY, 2007,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for failure to exhaust administrative remedies.

    2.    Petitioner's Motions to Amend/Correct the Habeas Petition (Docs. 12 and 17), Petitioner's Motion For a Preliminary Injunction (Doc. 14), and Petitioner's Motion to Produce (Doc. 22) are **DENIED** as moot.

    3.    The Clerk of Court is directed to close this case.

                    /s/ A. Richard Caputo
                    A. RICHARD CAPUTO
                    United States District Judge